UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

Ellis I. Medoway
Jerrold S. Kulback (JK2505)
ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ  08033-0968
Tel: (856) 795-2121
Fax: (856) 795-0574
*Attorneys for Defendants William J. Barron, Clare H. Broderick, David Eareckson, Gerard Freda, Michael J. Giuliano, H. Daniel Harris, John Hess, John C. Morris III, Ralph J. Orlando, Paul P. Panzarino, Dianne Seymour and John L. Wuestneck*

| | |
|---|---|
| In re:<br><br>BIRDSALL SERVICES GROUP INC., et al.,<br><br>Debtors. | Chapter 7<br><br>Case No.:  13-16743(MBK) |
| EDWIN STIER, ESQ., Trustee for the Estates of Birdsall Services Group, Inc. and BSG Engineering, Surveying, Landscape & Architecture LLC,<br><br>Plaintiff,<br><br>v.<br><br>PHILIP ANGARONE, WILLIAM J. BARRON, HOWARD D. BIRDSALL, WILLIAM T. BIRDSALL, CLARE H. BRODERICK, DAVID EARECKSON, GERARD FREDA, ROBERT M. GERARD, MICHAEL J. GIULIANO, H. DANIEL HARRIS, JOHN HESS, ALAN P. HILLA, JAMES JOHNSTON, EILEEN KUHFAHL-SPEARS, SCOTT R. MACFADDEN, JOHN C. MORRIS III, RALPH J. ORLANDO, PAUL P. PANZARINO, THOMAS K. ROSPOS, DIANNE SEYMOUR and JOHN L. WUESTNECK,<br><br>Defendants. | Adversary No.:  13-01808 |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS, WILLIAM J. BARRON, CLARE H. BRODERICK, DAVID EARECKSON, GERARD FREDA, MICHAEL J. GIULIANO, H. DANIEL HARRIS, JOHN HESS, JOHN C. MORRIS III, RALPH J. ORLANDO, PAUL P. PANZARINO, DIANNE SEYMOUR AND JOHN L. WUESTNECK, TO COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendants, William J. Barron, Clare H. Broderick, David Eareckson, Gerard Freda, Michael J. Giuliano, H. Daniel Harris, John Hess, John C. Morris III, Ralph J. Orlando, Paul P. Panzarino, Dianne Seymour and John L. Wuestneck (collectively the "Unindicted Defendants"), by and through their attorneys, Archer & Greiner, P.C., hereby answer the Adversary Complaint ("Complaint") of Plaintiff Edwin Stier, Esq., Trustee ("Plaintiff"), as follows:

## INTRODUCTION

1.  The allegations contained in Paragraph 1 of the Complaint state conclusions of law to which no response is required. To the extent that a response may be required, these allegations are denied, and proof thereof is demanded.

## THE PARTIES

2.  Admitted.

3-7.  The allegations contained in Paragraphs 3 through 7 of the Complaint are directed toward parties other than the Unindicted Defendants and, therefore, no response is required. To the extent that a response may be required, these allegations are denied, and proof thereof is demanded.

8.  Admitted only that William J. Barron ("Barron") is an individual who resides in Tinton Falls, New Jersey, that Mr. Barron was the Chief Financial Officer of Birdsall Services Group, Inc. ("BSG") from May 2007 through August 2013. The remaining allegations of Paragraph 8 are denied as stated, and proof thereof is demanded.

9. Admitted only that Clare H. Broderick ("Broderick") is an individual residing in Rumson, New Jersey, and that Ms. Broderick served as the Chief Operating Officer of the Building Systems Engineering Division of BSG from 2009 through 2013, and as a Board member of BSG from 2010 through 2013.

10. Admitted only that David Eareckson ("Eareckson") is an individual residing in Brielle, New Jersey, and that Mr. Eareckson served as the President of the Land & Marine Engineering Division of BSG from 2011 through 2013.

11. Admitted only that Gerald Freda ("Freda") is an individual residing in Lincroft, New Jersey, and that Mr. Freda served as the Executive Vice President of the Public Engineering Division of BSG from 2005 through August, 2011. It is specifically denied that Mr. Freda was the "Executive Vice President of BSG."

12. Admitted only that Michael J. Giuliano ("Giuliano") is an individual residing in Seaside Park, New Jersey, that Mr. Giuliano served as the Executive Vice President of the Land & Marine Engineering Division of BSG from 1996 through 2011, and that Mr. Giuliano subsequently served as the Operating Officer of the Land & Marine Engineering Division from 2011 through 2013.

13. The allegations contained in Paragraph 13 are not directed toward the Unindicted Defendants and, therefore, no response is required. To the extent that a response may be required, these allegations are denied, and proof thereof is demanded.

14. Admitted only that H. Daniel Harris ("Harris") is an individual residing in Spotsylvania, Virginia, and that Mr. Harris served as Chief Financial Officer of BSG from January, 2002 through June, 2007, as a Board member of BSG from January, 2002 through May, 2010, and as a consultant to BSG from July, 2007 through February, 2013.

15. Admitted only that John Hess ("Hess") is an individual residing in Barnegat, New Jersey, and that Mr. Hess served as the Senior Vice President of the Public Engineering Division of BSG from in or around 2003 through 2013. It is specifically denied that Mr. Hess was the "Senior Vice President of BSG."

16-18. The allegations contained in Paragraphs 16 through 18 are directed toward parties other than the Unindicted Defendants, and therefore no response is required. To the extent that a response may be required, these allegations are denied, and proof thereof is demanded.

19. Admitted only that John C. Morris III ("Morris") is an individual residing in Colts Neck, New Jersey, and that Mr. Morris served as the President of the Building Engineering Division of BSG from 2010 through 2013, and as a Board member of BSG from 2001 through 2010.

20. Admitted only that Ralph J. Orlando ("Orlando") is an individual residing in Long Branch, New Jersey, and that Mr. Orlando served as the Executive Vice President of the Land & Marine Engineering Division of BSG from March 24, 2010 through November 1, 2012, as a Board member of BSG from May 2011 through May 2013, as the President and Chief Executive Officer of BSG from November 1, 2012 through June 21, 2013, and as a Member of BSG Engineering, Surveying, Landscape & Architecture LLC (the "LLC") from February 2013 through May 2013. It is specifically denied that Mr. Orlando was the "Executive Vice President of BSG."

21. Admitted only that Paul P. Panzarino ("Panzarino") is an individual residing in Watchung, New Jersey, that Mr. Panzarino served as a Board Member of BSG from 2002 through 2010, and that Mr. Panzarino served as the Division Operating Officer of Building

4

System Engineering Structural Services, and as the Senior Vice President of Building System Engineering Structural Services. It is specifically denied that Mr. Panzarino was the "Executive Vice President" of BSG.

22. Admitted only that Dianne Seymour ("Seymour") is an individual residing in Jackson, New Jersey, and that Ms. Seymour served as the Director of Management Information Systems of BSG from 2008 through 2013, as the Secretary of BSG from 2002 through 2013, and as the Corporate Treasurer of BSG from 2007 through 2013.

23. Admitted only that John L. Wuestneck ("Wuestneck") is an individual residing in Manasquan, New Jersey, and that Mr. Wuestneck served as the Chief Operating Officer of BSG from 2010 through 2013, as a Board member of BSG from 2002 through 2013, and as a Member of the LLC from 2002 through 2013.

24. Admitted only that the Unindicted Defendants were not indicted by the State of New Jersey. The allegations contained in Paragraph 24 of the Complaint are directed toward parties other than the Unindicted Defendants, and therefore no response is required.

## JURISDICTION AND VENUE

25-30. The allegations contained in Paragraphs 25 through 30 of the Complaint state conclusions of law to which no response is required. To the extent that a response may be required, these allegations are denied, and proof thereof is demanded.

## FACTUAL BACKGROUND

### A. History of the Corporation and the LLC

31-40. Admitted on information and belief.

41-43.   Unindicted Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 41 through 43 of the Complaint, and therefore deny same and proof thereof is demanded.

### B.    BSG's Reliance on Political Contributions

44.    Denied as stated. The allegations of Paragraph 44 of the Complaint are vague and ambiguous and, as such, Unindicted Defendants are without knowledge or information sufficient to form a belief as to their truth; they are therefore denied and proof thereof is demanded.

45.    Denied as stated. The allegations of Paragraph 45 of the Complaint are vague and ambiguous and, as such, Unindicted Defendants are without knowledge or information sufficient to form a belief as to their truth; they are therefore denied and proof thereof is demanded.

46.    The allegations contained in Paragraph 46 of the Complaint are directed toward parties other than the Unindicted Defendants, and therefore no response is required. To the extent that a response may be required, Unindicted Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore deny same and proof thereof is demanded.

47.    The allegations contained in Paragraph 47 of the Complaint are directed toward parties other than the Unindicted Defendants, and therefore no response is required. To the extent that a response may be required, it is admitted only that some of the Unindicted Defendants were told, at one time or another, and reasonably believed, that any candidate contributions they may have made were lawful. Unindicted Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph, and therefore deny same and proof thereof is demanded.

48. Denied as stated. The allegations of Paragraph 48 of the Complaint are vague and ambiguous and, as such, Unindicted Defendants are without knowledge or information sufficient to form a belief as to their truth, and therefore deny same and proof thereof is demanded.

49. Denied as stated. The allegations of Paragraph 49 of the Complaint are vague and ambiguous and, as such, Unindicted Defendants are without knowledge or information sufficient to form a belief as to their truth, and therefore deny same and proof thereof is demanded.

C. **The New Jersey Pay-to-Play Law**

50-53. The allegations contained in Paragraphs 50 through 53 of the Complaint state conclusions of law to which no response is required. To the extent that a response may be required, these allegations are denied, and proof thereof is demanded.

D. **The New Jersey Campaign Contributions and Expenditures Reporting Law**

54-55. The allegations contained in Paragraphs 54 through 55 of the Complaint state conclusions of law to which no response is required. To the extent that a response may be required, these allegations are denied, and proof thereof is demanded.

E. **Efforts to Comply with the Applicable Law**

56. The allegations contained in Paragraph 56 of the Complaint state conclusions of law to which no response is required. To the extent that a response may be required, Unindicted Defendants state that the phrase "one of the largest engineering firms in the State of New Jersey" is vague and ambiguous and, therefore, deny same. Unindicted Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 56, and therefore deny same and proof thereof is demanded.

57-60. The allegations contained in Paragraphs 57 through 60 of the Complaint state conclusions of law to which no response is required, and are vague and argumentative. To

7

the extent that a response may be required, Unindicted Defendants are without knowledge or information sufficient to form a belief as to their truth, and therefore deny same and proof thereof is demanded.

61. The allegations contained in Paragraph 61 of the Complaint are not directed toward the Unindicted Defendants, and therefore no response is required. To the extent that a response may be required, it is admitted only that some of the Unindicted Defendants were told, at one time or another, that, in accordance with a legal opinion, any political contribution they might make was in full compliance with any and all applicable laws and regulations. Unindicted Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 61, and therefore deny same and proof thereof is demanded.

62. Unindicted Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the Complaint, and therefore deny same and proof thereof is demanded.

63. To the extent the allegations of Paragraph 63 of the Complaint are directed toward parties other than the Unindicted Defendants, no response is required. To the extent a response may be required, the allegations of Paragraph 63 are denied as stated, and proof thereof is demanded.

64. Unindicted Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the Complaint, and therefore deny same and proof thereof is demanded.

### F.    The Solicitation of Individual Political Contributions

65.    The allegations of Paragraph 65 of the Complaint are not directed toward the Unindicted Defendants, and therefore no response is required. To the extent a response may be required, the allegations of Paragraph 65 are denied as stated, and proof thereof is demanded.

66.    The allegations contained in Paragraph 66 of the Complaint are not directed toward the Unindicted Defendants, and therefore no response is required. To the extent a response is required, Unindicted Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore deny same and proof thereof is demanded.

67.    The allegations contained in Paragraph 67 of the Complaint are not directed toward the Unindicted Defendants, and therefore no response is required. To the extent a response is required, Unindicted Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67, and therefore deny same and proof thereof is demanded.

68.    The allegations contained in Paragraph 68 of the Complaint are not directed toward the Unindicted Defendants, and therefore no response is required. The allegations contained in Paragraph 68 also state conclusions of law to which no response is required. To the extent a response is required, Unindicted Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore deny same and proof thereof is demanded.

69.    Unindicted Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the Complaint, and therefore deny same and proof thereof is demanded.

### G. The O & D Bonuses

70. Unindicted Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 of the Complaint, and therefore deny same and proof thereof is demanded.

71. The allegations of Paragraph 71 of the Complaint are directed toward parties other than the Unindicted Defendants, and therefore no response is required. To the extent a response may be required, Unindicted Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore deny same and proof thereof is demanded.

72-73. Unindicted Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 72 and 73 of the Complaint, and therefore deny same and proof thereof is demanded.

74. Admitted in part but denied as stated. It is admitted only that, at various times, BSG and/or the LLC awarded merit bonuses at calendar year-end and/or in the middle of the calendar year. Unindicted Defendants further state that the phrase "typically distributed" is vague and ambiguous, deny any remaining allegations of Paragraph 74 and proof thereof is demanded.

75. The allegations of Paragraph 75 of the Complaint are directed toward defendant Rospos, not the Unindicted Defendants, and no response is required thereto. To the extent a response may be required, Unindicted Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore deny same and proof thereof is demanded.

76-77. Unindicted Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 76 and 77 of the Complaint, and therefore deny same and proof thereof is demanded.

78. The allegations of Paragraph 78 of the Complaint are directed toward defendant Rospos, not the Unindicted Defendants, and no response is required thereto. To the extent a response may be required, Unindicted Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and proof thereof is demanded.

79. Admitted that the Unindicted Defendants did not have the knowledge of the matters set forth in Paragraph 79 of the Complaint.

80. Unindicted Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 of the Complaint, and therefore deny same and proof thereof is demanded.

81. The allegations contained in Paragraph 81 of the Complaint state conclusions of law to which no response is required. To the extent that a response may be required, it is admitted only that, at various times, BSG maintained a merit bonus pool. Unindicted Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph, and therefore deny same and proof thereof is demanded.

**H.    Reimbursement through the O & D Bonus Pool**

82-83. The allegations of Paragraphs 82 through 83 of the Complaint are directed toward parties other than the Unindicted Defendants, and no response is required thereto. To the extent a response may be required, Unindicted Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore deny same and proof thereof is demanded.

84-86.  Unindicted Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 84 through 86 of the Complaint, and therefore deny same and proof thereof is demanded.

### I.  The Amounts of the Personal Contributions that Were Reimbursed

87.  To the extent the allegations contained in Paragraph 87 of the Complaint are directed toward the Indicted Defendants, not the Unindicted Defendants, no response is required thereto.  To the extent a response is required, Unindicted Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph, and therefore deny same and proof thereof is demanded.

88-89.  To the extent the allegations contained in Paragraphs 88 through 89 of the Complaint are directed toward the Indicted Defendants, not the Unindicted Defendants, no response is required thereto.  To the extent a response is required, Unindicted Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraphs 88 through 89 of the Complaint, and therefore deny same and proof thereof is demanded.

### J.  The State's Investigation of BSG and the Indictment

90.  To the extent the allegations contained in Paragraph 90 of the Complaint are directed toward the Indicted Defendants, not the Unindicted Defendants, no response is required thereto.  To the extent a response is required, Unindicted Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 90 of the Complaint, and therefore deny same and proof thereof is demanded.

91-95.  The allegations of Paragraphs 91 through 95 of the Complaint are directed toward parties other than the Unindicted Defendants, and no response is required thereto.  To the

extent a response may be required, Unindicted Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore deny same and proof thereof is demanded.

96-99. Unindicted Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 96 through 99 of the Complaint, and therefore deny same and proof thereof is demanded.

**K.    BSG's Settlement and Eventual Sale**

100-105. Unindicted Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 100 through 105 of the Complaint, and therefore deny same and proof thereof is demanded.

**COUNT ONE**
**Plaintiff v. Indicted Defendants**
**(Breach of Fiduciary Duty – Duty of Good Faith)**

106. Unindicted Defendants hereby repeat and incorporate by reference their answers to each and every allegation contained in the previous paragraphs of the Complaint as if set forth fully herein.

107-111. The allegations and claims in Count One of the Complaint are directed toward the Indicted Defendants, not the Unindicted Defendants, and therefore no response is required.

**COUNT TWO**
**Plaintiff v. Indicted Defendants**
**(Breach of Fiduciary Duty – Duty of Care)**

112. Unindicted Defendants hereby repeat and incorporate by reference their answers to each and every allegation contained in the previous paragraphs of the Complaint as if set forth fully herein.

113-121.   The allegations and claims in Count Two of the Complaint are directed toward the Indicted Defendants, not the Unindicted Defendants, and therefore no response is required.

### COUNT THREE
**Plaintiff v. Unindicted Defendants**
**(Breach of Fiduciary Duty – Duty of Good Faith)**

122.   Unindicted Defendants hereby repeat and incorporate by reference their answers to each and every allegation contained in the previous paragraphs of the Complaint as if set forth fully herein.

123-127.   The allegations contained in Paragraphs 123 through 127 of the Complaint state conclusions of law to which no response is required. To the extent that a response may be required, these allegations are denied, and proof thereof is demanded.

WHEREFORE, Unindicted Defendants demand the entry of judgment in their favor, dismissal of the Third Count of the Complaint, an award of attorneys' fees, and such other and further relief that the Court deems just and proper.

### COUNT FOUR
**Plaintiff v. Unindicted Defendants**
**(Breach of Fiduciary Duty – Duty of Care)**

128.   Unindicted Defendants hereby repeat and incorporate by reference their answers to each and every allegation contained in the previous paragraphs of the Complaint as if set forth fully herein.

128-137.   The allegations contained in Paragraphs 128 through 137 of the Complaint state conclusions of law to which no response is required. To the extent that a response may be required, these allegations are denied, and proof thereof is demanded.

WHEREFORE, Unindicted Defendants demand the entry of judgment in their favor, dismissal of the Fourth Count of the Complaint, an award of attorneys' fees, and such other and further relief that the Court deems just and proper.

### COUNT FIVE
**Plaintiff v. Indicted Defendants**
**(Aiding and Abetting Breach of Fiduciary Duty)**

138. Unindicted Defendants hereby repeat and incorporate by reference their answers to each and every allegation contained in the previous paragraphs of the Complaint as if set forth fully herein.

139-141. The allegations and claims in Count Five of the Complaint are directed toward the Indicted Defendants, not the Unindicted Defendants, and therefore no response is required.

### COUNT SIX
**Plaintiff v. All Defendants**
**(Negligence)**

142. Unindicted Defendants hereby repeat and incorporate by reference their answers to each and every allegation contained in the previous paragraphs of the Complaint as if set forth fully herein.

143-152. The allegations contained in Paragraphs 143 through 152 of the Complaint state conclusions of law to which no response is required. To the extent that a response may be required, these allegations are denied, and proof thereof is demanded.

WHEREFORE, Unindicted Defendants demand the entry of judgment in their favor, dismissal of the Sixth Count of the Complaint, an award of attorneys' fees, and such other and further relief that the Court deems just and proper.

## COUNT SEVEN
### Plaintiff v. Indicted Defendants
### (Civil Conspiracy)

153. Unindicted Defendants hereby repeat and incorporate by reference their answers to each and every allegation contained in the previous paragraphs of the Complaint as if set forth fully herein.

154-158. The allegations and claims in Count Seven of the Complaint are directed toward parties other than the Unindicted Defendants, and therefore no response is required.

## COUNT EIGHT
### Plaintiff v. Rospos
### (Fraud)

159. Unindicted Defendants hereby repeat and incorporate by reference their answers to each and every allegation contained in the previous paragraphs of the Complaint as if set forth fully herein.

160-165. The allegations and claims in Count Eight of the Complaint are directed toward defendant Rospos, not the Unindicted Defendants, and therefore no response is required.

## COUNT NINE
### Plaintiff v. Rospos
### (Negligent Misrepresentation)

166. Unindicted Defendants hereby repeat and incorporate by reference their answers to each and every allegation contained in the previous paragraphs of the Complaint as if set forth fully herein.

167-172. The allegations and claims in Count Nine of the Complaint are directed toward defendant Rospos, not the Unindicted Defendants, and therefore no response is required.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred in whole or in part by lack of subject matter jurisdiction.

2. Plaintiff's claims are barred in whole or in part by lack of personal jurisdiction.

3. Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to bring one or more of the Plaintiff's causes of action.

4. Plaintiff fails to state a claim upon which relief may be granted against the Unindicted Defendants.

5. Plaintiff has failed to establish a *prima facie* case for each cause of action pled by Plaintiff against the Unindicted Defendants.

6. Plaintiff's Complaint is factually deficient, devoid of sufficient detail, and does not meet the federal pleading standards set forth in Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), Ashcroft v. Iqbal, 556 U.S. 662 (2009), and subsequent cases.

7. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or repose.

8. Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, estoppel, unclean hands, *res judicata* and/or collateral estoppel.

9. Any damage alleged by Plaintiff was caused by the actions, recklessness, carelessness, fraud and/or negligence of other person(s) over whom Unindicted Defendants had no control, and not by the actions of Unindicted Defendants.

10. Plaintiff's claims are barred in whole or in part because the Unindicted Defendants owed no duty of care to, and breached no duty of care to BSG and/or the LLC.

11.     Plaintiff's claims are barred in whole or in part because the Unindicted Defendants owed no fiduciary duty to, and breached no fiduciary duty to BSG and/or the LLC.

12.     Unindicted Defendants are entitled to all defenses under Chapter 5 of Title 11 of the United States Code and under other applicable law, and Plaintiff is required to prove each and every element of its causes of action.

13.     Plaintiff has no contractual or other basis to recover attorneys' fees and costs.

14.     Unindicted Defendants' Answer and Affirmative Defenses are based on currently available information.  Unindicted Defendants hereby reserve their right to revise, amend and/or supplement their Answer and to include additional Affirmative Defenses, Counterclaims, and/or Third Party Complaints as a matter of right and in accordance with Fed. R. Civ. P. 15(a), as made applicable to the Bankruptcy Court in Fed. R. Bankr. P. 7015, during the course of this litigation.

## JURY DEMAND

The Unindicted Defendants do not consent to the Bankruptcy Court entering final orders or judgments, and hereby demand a trial by jury on all issues so triable.

ARCHER & GREINER
A Professional Corporation
*Attorneys for Defendants, William J. Barron, Clare H. Broderick, David Eareckson, Gerard Freda, Michael J. Giuliano, H. Daniel Harris, John Hess, John C. Morris III, Ralph J. Orlando, Paul P. Panzarino, Dianne Seymour and John L. Wuestneck*

Dated:  September 24, 2013

By: */s/ Jerrold S. Kulback*
    Jerrold S. Kulback, Esquire
    Ellis I. Medoway, Esquire
    ARCHER & GREINER
    A Professional Corporation
    One Centennial Square
    Haddonfield, NJ  08033-0968
    Tel: (856) 795-2121
    Fax: (856) 795-0574

OF COUNSEL:

David H. Marion, Esquire
Oleg V. Nudelman, Esquire
Archer & Greiner, P.C.
One Liberty Place, 32nd Floor
1650 Market Street
Philadelphia, PA 19103
Tel:  215-963-3300
Fax:  215-963-9999

10216769v1